IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ASA S. FOREMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 02-CV-770-TCK-PJC |
| | ) | |
| CHARLES RAY, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION AND ORDER**

Before the Court for consideration is Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus (Dkt. # 1). Respondent filed a response (Dkt. # 4) and provided the state court records necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 7) to Respondent's response. For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

At approximately 6:00 a.m. on October 25, 1999, a man wearing a ski mask and gloves, and carrying a knife, robbed the Texaco store located at the intersection of 81st and Sheridan, in Tulsa, Oklahoma. During the robbery, the man used the knife to threaten the store's clerk. As the thief ran from the store, a customer who had been in the store earlier that morning, Roderick Sanders, chased the man and tackled him from behind. The man used the knife to jab at Sanders. Sanders suffered a puncture wound at his temple and abrasions on his hand. With the help of two other men, Sanders was able to subdue the man until police arrived. At the scene of the suspect's apprehension, the police recovered a ski mask, a pair of gloves, a butcher knife, and a canvas bag containing $8,627.40. After being arrested and taken to the detective division, the suspect, identified as

Petitioner Asa Foreman, wrote and signed a confession, admitting he had robbed the Texaco.

As a result of those events, Petitioner was charged by amended information with Robbery With a Dangerous Weapon (Count 1), Assault and Battery With a Dangerous Weapon (Count 2), and Unlawful Wearing of a Mask in Commission of a Felony (Count 3), in Tulsa County District Court, Case No. CF-1999-5314. On June 19-21, 2000, Petitioner was tried by a jury. The trial court amended Count 3 to Assault With a Dangerous Weapon While Masked. The jury found Petitioner guilty as charged. On July 31, 2000, the trial court sentenced Petitioner, in accordance with the jury's recommendation, to thirty (30) years imprisonment on Count 1, ten (10) years on Count 2, and fifteen (15) years on Count 3, with the sentences to be served consecutively. Petitioner was represented at trial by attorneys Richard L. Clark and Carey E. Cooper.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner was represented by attorney Paula J. Alfred. He raised three (3) propositions of error as follows:

> Proposition 1: The conviction for assault with a dangerous weapon while masked should be reversed as a violation of 21 O.S.1991, § 11.
>
> Proposition 2: Prosecutorial misconduct should result in reversal for new trial or modification of Mr. Foreman's sentences.
>
> Proposition 3: The trial court erred by denying Mr. Foreman's requested lesser-included offense instructions.

(Dkt. # 4, Ex. 1). In an unpublished summary opinion, filed November 7, 2001, in Case No. F-2000-1038, the OCCA determined that none of Petitioner's claims was meritorious and affirmed the Judgment and Sentence of the trial court. (Dkt. # 4, Ex. 3). Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court and did not seek post-conviction relief in the state courts prior to filing his habeas corpus petition.

On October 3, 2002, Petitioner filed his federal habeas corpus petition (Dkt. # 1). In his petition, Petitioner raises the same three (3) propositions of error raised on direct appeal to the OCCA. See Dkt. # 1. In response to the petition, Respondent contends Petitioner is not entitled to habeas corpus relief and that the petition should be denied.

### *ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied for the claims raised in the petition filed in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The AEDPA amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated each of Petitioner's claims on direct appeal. Therefore, his claims shall be reviewed pursuant to § 2254(d).

### *1. Violation of Okla. Stat. tit. 21, § 11 (1991) (claim 1)*

As his first proposition of error, Petitioner contends that his convictions for both Robbery With a Dangerous Weapon (Count 1) and Assault With a Dangerous Weapon While Masked (Count 3) constitute a violation of the Okla. Stat. tit. 21, § 11, the state statute prohibiting multiple punishment. In his direct appeal proceeding, Petitioner argued that his conviction for both "Robbery with a Dangerous Weapon" and "Assault with a Dangerous Weapon while Masked" for assaulting and robbing the clerk at the Texaco store violated the state statute prohibiting multiple punishment because the assault arose out of the robbery resulting in merger of the crimes. The OCCA rejected this claim, citing Rivers v. State, 889 P.2d 288 (Okla. Crim. App. 1994), and finding that "'robbery with a dangerous weapon' and 'wearing a mask (or disguise) during an assault with a dangerous weapon' are likewise two separate acts for purposes of § 11." See Dkt. # 4, Ex. 3.

First, the Court finds Petitioner's claim that he has suffered multiple punishments in violation of Oklahoma statutory law should be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Petitioner's multiple punishment claim, insofar as it is based on an Oklahoma statute, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

To the extent Petitioner's claim could be read as asserting a violation of the prohibition against Double Jeopardy contained in the United States Constitution, the Court finds Petitioner is

4

not entitled to habeas corpus relief. The Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." Id.; see also Missouri v. Hunter, 459 U.S. 359, 365 (1983). In the absence of clear legislative intent, courts must apply the Blockburger test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In resolving Petitioner's double punishment claim on direct appeal, the OCCA cited its opinion in Rivers v. State, 889 P.2d 288 (Okla. Crim. App. 1994), where, in reliance on Blockburger, 284 U.S. at 304, the state appellate court determined that convictions for both "Robbery with a Firearm" and "Unlawful Wearing of a Mask while in Commission of a Felony [Assault with a Dangerous Weapon]" were not barred by the constitutional prohibition against double jeopardy. The crimes at issue in the Rivers case are the same crimes challenged by Petitioner in the instant case. As in Rivers, each of Petitioner's convictions resulted from a series of acts committed by Petitioner against the store clerk. Nonetheless, they are not violative of the Double Jeopardy Clause as events resulting from a single criminal episode, as argued by Petitioner. The

crimes of Robbery With a Dangerous Weapon and Assault With a Dangerous Weapon While Masked are separate crimes under Oklahoma law. Rivers, 889 P.2d at 293. They require proof of distinct facts and elements, even though some of the facts supporting each crime may overlap. Id.; see also Brown v. Ohio, 432 U.S. 161, 166 (1977) (holding that "[i]f each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes"). Therefore, the Court finds that to the extent Petitioner raised a double jeopardy claim on direct appeal, the OCCA's rejection of the claim was not an unreasonable application of federal law as determined by the Supreme Court. Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) on this claim.

### 2. *Prosecutorial misconduct (claim2)*

As his second proposition of error, Petitioner contends that the prosecutor engaged in misconduct during trial requiring reversal for new trial or modification of his sentences.[1] The OCCA rejected a claim of prosecutorial misconduct as raised by Petitioner on direct appeal. First, the state appellate court, citing Simpson v. State, 876 P.2d 690, 692-702 (Okla. Crim. App. 1994), determined that 6 of the 8 allegedly improper comments by the prosecutor identified by Petitioner were not objected to at trial and did not amount to plain error. As to the 2 comments generating objections, the OCCA found that one comment was harmless error, and that any error attributable to the second was cured during subsequent questioning. See Dkt. # 4, Ex. 3.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair.

---

[1] In his petition, Petitioner fails to identify specific instances of improper comments by the prosecutor.

Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

A review of the entire proceedings does not support Petitioner's argument that the prosecutor's conduct so infected the trial with unfairness that the resulting convictions and sentences were a denial of due process. The State presented overwhelming evidence of Petitioner's guilt in this case, including the testimony of both victims, physical evidence consisting of the ski mask, gloves, and butcher knife used in the robbery and assaults, and the testimony of police officers concerning Petitioner's confession. Based on the strength of the State's evidence, the Court finds no reasonable probability that the outcome would have been different without the prosecutor's comments. Therefore, the Court concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct. Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### 3. *Failure to instruct on lesser included offenses (claim 3)*

As his third proposition of error, Petitioner claims that the trial court committed reversible error in failing to give his requested instructions for three lesser included offenses: Robbery by Force, Assault and Battery, and Wearing a Mask to Conceal Identity (misdemeanor). In rejecting this claim on direct appeal, the OCCA stated that "[l]esser included offense instructions should only

be given if under the evidence a jury could rationally find the defendant guilty of the lesser offense and not guilty of the greater offense" and found that the "instructions on the lesser offenses not involving a dangerous weapon requested by Forman at trial were not supported by the evidence and were properly refused." See Dkt. # 4, Ex. 3.

The Tenth Circuit Court of Appeals has held that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question. Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993). Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). Accordingly, habeas relief shall be denied on Petitioner's claim that his constitutional rights were violated because the trial court failed to give jury instructions on lesser included offenses.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate Judgment shall be entered in this case.


DATED THIS 30th day of August, 2006.

*Terence Kern*
_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE